THE NATIONAL CITY BANK OF NEW YORK, Plaintiff, *v.* A. STEIN & Co., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, September 19, 1933.

*Harold H. Keefe*, for the plaintiff.

*Irving Abraham*, for the defendant.

LEWIS, DAVID C., J. Defendant moves to compel the plaintiff to accept its amended answer on the theory that a defendant in the Municipal Court has the absolute right to amend his pleading once as a matter of course within five days of the service of his original answer. Here again one regrets to find a matter of ordinary procedure which has never been judicially conclusively established.

The erudite president-justice of our court, in his work on the Municipal Court, remarks that while our code is silent on this subject, " yet, as the practice and procedure in this court is required to conform to the practice and procedure in the Supreme Court except as otherwise provided, it would seem that a pleading in this court may be once amended as of course under the Civil Practice Act [Section 244]." (Lauer Mun. Ct. [2d ed.] p. 364, § 257.)

However, I am inclined to the opinion that the silence of the Municipal Court Code on this subject is to be construed as indicative of an intent to restrict the privilege to amend to such instances in which the court allows it in furtherance of substantial justice. Had it been intended to grant the privilege to amend as an absolute right, the Legislature would have so stated. The desire to administer justice without unnecessary complications or delay is the aim of the court, and, since the right to trial must await the joinder of issue, no unnecessary postponement should be injected into the practice.

The requirement of the clerk to notice the case for trial, the necessity of a demand for a jury, and the other provisions of our code, are consistent with this construction.

For the reasons stated, the motion to compel the plaintiff to accept the amended answer will be denied, but the defendant is hereby granted leave to serve and file the amended answer within three days, with five dollars costs to the plaintiff to abide the event, upon the condition that the case shall retain its present position on the calendar as of an issue of the date of the filing of the original answer.

To the credit of the bar let it be said that the court is usually saved the burden of these applications by counsel agreeing (without the aid of the court) to what is right and proper.